UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC ER PHYSICIANS TEAM PEDIATRIC ASSOCIATES, PA, EMERGENCY CARE SERVICES OF NJ, PA, EMERGENCY PHYSICIAN ASSOCIATES OF NORTH JERSEY, PC, EMERGENCY PHYSICIAN ASSOCIATES OF SOUTH JERSEY, PC, EMERGENCY PHYSICIAN SERVICES OF NEW JERSEY, PA, MIDDLESEX EMERGENCY PHYSICIANS, PA, and PLAINFIELD EMERGENCY PHYSICIANS, PA,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTH GROUP, INC., UNITEDHEALTHCARE INSURANCE COMPANY, OXFORD HEALTH PLANS (NJ), INC., and MULTIPLAN, INC.,<br><br>Defendants. | Hon. Renée Marie Bumb, U.S.D.J.<br><br>Hon. Ann Marie Donio, U.S.M.J.<br><br>Civil Action No. 1:20-cv-20083-RMB-AMD |

**REPLY BRIEF IN FURTHER SUPPORT OF PLAINTIFFS' MOTION TO REMAND TO THE SUPERIOR COURT OF NEW JERSEY, GLOUCESTER COUNTY**

**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, New Jersey 07102
(973) 848-4000
*Attorneys for Plaintiffs*

Anthony P. La Rocco
George P. Barbatsuly
Stacey A. Hyman
    On the Brief

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ............................................................................1

LEGAL ARGUMENT ..........................................................................................2

POINT ONE

THE COURT SHOULD REMAND THE COMPLAINT TO THE
SUPERIOR COURT OF NEW JERSEY, GLOUCESTER COUNTY ....................2

A.      Removal was Procedurally Improper because all Joined and Served
Defendants Did Not Consent to Removal within 30 Days of Service ............2

B.      There is No Federal Question Jurisdiction ......................................................6

      1.      United and Multiplan have not established that Plaintiffs could
have brought their claims under ERISA § 502(a) ................................6

            a.      Plaintiffs could not have brought their claims under
ERISA ..........................................................................................6

            b.      Plaintiffs' claims are not colorable claims for benefits .............8

      2.      Other independent legal duties support Plaintiffs' claims ..................11

      3.      Jurisdictional discovery is unwarranted ..............................................13

POINT TWO

THE COURT SHOULD GRANT PLAINTIFFS THEIR REASONABLE
ATTORNEYS' FEES INCURRED IN SEEKING REMAND ..............................14

CONCLUSION ....................................................................................................15

# TABLE OF AUTHORITIES

Page

**CASES**

Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield,
890 F.3d 450 (3d Cir. 2018)...................................................................................7

Aranda v. Foamex Intern.
884 F. Supp. 2d 1186 (D.N.M. 2012) ...................................................................5

Brown v. New Jersey Mfrs. Ins. Group,
322 F. Supp. 2d 947 (M.D. Tenn. 2004)...............................................................4

Elite Orthopedic Sports Med. PA v. N.J. Teamsters Ben. Plan,
No. 14-6932, ECF No. 12 (D.N.J. April 2, 2015) ...............................................13

Emergency Care Services of Pa., P.C. v. UnitedHealth Group, Inc.,
No. 5:20-cv-05094, 2021 WL 2236122  (E.D. Pa. Jan. 25, 2021) ......... 8, 11, 13, 14

Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare Inc.,
838 Fed.Appx. 299 (9th Cir. Mar. 3, 2021)..........................................................9

Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare Inc.,
448 F. Supp. 3d 1077 (D. Ariz. May 25, 2020),
rev'd, 838 Fed.Appx. 299 (9th Cir. Mar. 3, 2021) ................................................9

Iulianelli v. Lionel LLC,
183 F. Supp. 2d 962 (E.D. Mich. 2002)................................................................4

Lone Star OB/GYN Assocs. v. Aetna Health Inc.,
579 F.3d 525 (5th Cir. 2009) ...............................................................................13

Lowengart v. Cephus Capital Management, LLC,
677 F. Supp. 2d 1280 (N.D. Ala. 2009)................................................................5

Newark Beth Israel v. N. N.J. Teamsters Ben Plan
No. 05-5309, 2006 WL 2830973 (JCL) (D.N.J. Sep. 29, 2006) ..............................7

N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare,
781 F.3d 182 (5th Cir. 2015) ...................................................................................9

N. Jersey Brain & Spine Ctr. v. CIGNA Healthcare of NJ, Inc.,
No. 09-2630 (JAG), 2010 WL 11594901 (D.N.J. Jan. 12, 2010) ...........................11

North Jersey Brain & Spine Center v. MultiPlan, Inc.,
No. 17-05967 (MAS) (LHG), 2018 WL 6592956 (D.N.J. Dec. 14, 2018) .............12

North Jersey Brain & Spine Center v. United Health Insurance Co.
No. 18-15631 (SDW) (LDW), 2019 WL 6317390
(D.N.J. Nov. 25, 2019)................................................................................ 6, 7, 8, 11, 15

Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan,
388 F.3d 393 (3d Cir. 2004)............................................................... 6, 7, 8, 9, 11, 13

Plastic Surgery Center, PA v. Aetna Life Ins. Co.,
967 F.3d 218 (3d Cir. 2020).....................................................................................7

Progressive Spine & Ortho., LLC v. Anthem Blue Cross Blue Shield,
No. 17-536 (KM), 2017 WL 4011203 (D.N.J. Sept. 11, 2017)................................8

Ware v. Wyndham Worldwide, Inc.,
No. 09-6420 (RBK/AMD), 2010 WL 2545168 (D.N.J. June 18, 2010) ..................4

Y.A.H., Inc. Profit Sharing Plan v. Wirenet, Inc.,
No. 19-22096 (RMB/JS), 2020 WL 4040877 (D.N.J. July 19, 2020)............ 5, 6, 13

**STATUTES**

28 U.S.C. § 1446(b)(2)(A), (B)............................................................................2, 5

28 U.S.C. § 1447(c) ................................................................................... 2, 14, 15

N.J.S.A. 17B:26-9.1(d)(2).....................................................................................10

N.J.S.A.17B:27-44.2(d)(2)....................................................................................10

N.J.S.A. 26:2J-8.1(d)(2)........................................................................................10

## **PRELIMINARY STATEMENT**

Defendants UnitedHealth Group, Inc. ("UHG") and UnitedHealthcare Insurance Company ("UHIC") (collectively, "United") removed this case fully aware that all properly joined and served defendants had not consented.  United sought to invoke the Court's diversity jurisdiction purportedly because the originally-named New Jersey defendant, United Healthcare of New Jersey, Inc. ("UHC-NJ"), was "defunct" and had not been served.  It did so fully aware that UHC-NJ was not "defunct" but had merged into another UHG subsidiary, Oxford Health Plans (NJ), Inc. ("Oxford-NJ"), which was served on November 23, 2020.  United insists that it did not need Oxford-NJ's consent because it was not required to "guess" that Plaintiffs' original complaint had misnamed Oxford-NJ as UHC-NJ.  But no guessing was required.  United even attached to its removal papers an affidavit of service showing that Plaintiffs had served "Oxford Health Plans, NJ, Inc., f/k/a UnitedHealthcare of New Jersey, Inc."  (ECF No. 2, p. 86).  Thus, United knew or should have known that Oxford-NJ was the intended defendant, and its failure to obtain Oxford-NJ's consent within 30 days of service on Oxford-NJ rendered the removal irrevocably defective.

Even if removal were procedurally proper, this Court lacks subject matter jurisdiction. United, and defendant Multiplan, Inc. ("Multiplan"), maintain that Plaintiffs' claims are completely preempted under the Employee Retirement Income Security Act ("ERISA").  But they have not shown that Plaintiffs even have standing to

1

pursue ERISA claims against Defendants, much less that Plaintiffs assert colorable claims for benefits under ERISA. Moreover, Plaintiffs' claims are based on legal duties wholly independent of ERISA. Accordingly, they are not completely preempted under ERISA.

For these and other reasons, discussed below, the Court should remand this case to state court and award Plaintiffs their fees under 28 U.S.C. § 1447(c).

## LEGAL ARGUMENT

### POINT ONE

### THE COURT SHOULD REMAND THE COMPLAINT TO THE SUPERIOR COURT OF NEW JERSEY, GLOUCESTER COUNTY

**A.    Removal was Procedurally Improper because all Joined and Served Defendants Did Not Consent to Removal within 30 Days of Service**

Although misnamed in the original Complaint as UHC-NJ, Oxford-NJ was properly joined and served and did not consent to removal. Thus, as demonstrated in Plaintiffs' opening brief (ECF No. 24-1) ("Pb"), removal was procedurally improper under 28 U.S.C. § 1446(b)(2)(A), (B), mandating remand. (Pb12-17).

United maintains at the outset that it "did not withhold any key facts" from the Court when it stated in Paragraph 12 of the Notice of Removal that "UHC-NJ merged with another entity in 2006, and thereafter ceased operations." (United Br. 6). To the contrary, United withheld that UHC-NJ had merged into Oxford-NJ in 2006, which was and remains an active subsidiary of UHG. (See ECF No. 1; cf. ECF Nos. 24-2, 24-3 ("Barbatsuly Decl."), Exs. C, F). United tries to excuse its

2

failure to obtain Oxford-NJ's consent by arguing that Plaintiffs' naming of UHC-NJ "appeared to be a mistake resulting from cookie-cutter complaint drafting in this and related TeamHealth litigation." (ECF No. 28 ("United Br.") 7).  Nonsense.  Plaintiffs named UHC-NJ because United used the UHC-NJ name in its contracts and correspondence with Plaintiffs.  (See Barbatsuly Decl., Exs. G-I).  United falsely asserts that the original complaint alleged no facts about UHC-NJ "that might have put the United Defendants on notice that the real party in interest was Oxford-NJ." (United Br. 7).  In fact, the original complaint alleged that UHIC and UHC-NJ were the named parties to Plaintiffs' participation agreements with United, and Plaintiffs clearly intended to name those contracting parties, including the entity that United identified in those agreements as UHC-NJ.  (ECF No. 2, Ex. A, ¶¶4, 34, 59, 293).

United insists that it was not required to "guess at what entities the TeamHealth New Jersey Plaintiffs *intended* to name in their complaint, and file a consent on behalf of whatever those entities might be."  (United Br. 7).  No guessing was required.  In addition to the facts cited above, Plaintiffs served the summons and Complaint upon Oxford-NJ on November 23, 2020, at the address of Oxford-NJ's registered agent.  (Barbatsuly Decl., Ex. E).  The affidavit of service directed to Oxford-NJ described the entity served as "Oxford Health Plans, NJ, Inc., f/k/a UnitedHealthcare of New Jersey, Inc." (Barbatsuly Decl., Ex. E).  Plaintiffs filed this affidavit of service on the state court docket, and United even attached it to its

3

removal papers. (ECF No. 2, p. 86). Thus, United knew or should have known that Oxford-NJ was the real party in interest. Under the weight of authority in misnomer cases (see Pb14-16), Oxford-NJ was required to consent to removal within 30 days of service of the original complaint on Oxford-NJ. It failed to do so.

United's efforts to distinguish these misnomer cases (United Br. 7-8) are unavailing. United argues that "a co-defendant's requirement to consent to removal was not even at issue" in Ware v. Wyndham Worldwide, Inc., No. 09–6420 (RBK/AMD), 2010 WL 2545168 (D.N.J. June 18, 2010), Brown v. New Jersey Mfrs. Ins. Group, 322 F. Supp. 2d 947 (M.D. Tenn. 2004), or Iulianelli v. Lionel LLC, 183 F. Supp. 2d 962 (E.D. Mich. 2002) (United Br. 7-8). However, these cases did not turn on the co-defendant's consent, but rather, on whether the parties knew or should have reasonably ascertained they were the intended defendants. Ware, 2010 WL 2545168, *4; Brown, 322 F. Supp. 2d at 952-53; Iulianelli, 183 F. Supp. 2d at 968 (correct defendant was "corporate successor" to misnamed defendant). United notes that the misnomer in In re Pharm. Indus. Average Wholesale Price Litig., 307 F. Supp. 2d 190 (D. Mass. 2004), was in the summons, not the Complaint. (United Br. 8). But the court did not rely on that distinction -- noting that "[t]echnical defects in the form of the summons and the complaint do not invalidate an otherwise proper and successful delivery of process" -- and again, relied on the fact that the defendant had actual notice. 307 F. Supp. 2d at 195-96 (emphasis added).

Nor can United avoid Y.A.H., Inc. Profit Sharing Plan v. Wirenet, Inc., Civil No. 19-22096 (RMB/JS), which found the individual defendant's removal "irrevocably defective" because the corporate defendant did not consent within 30 days. 2020 WL 4040877, *2 (D.N.J. July 19, 2020). This was so even though the corporate defendant was alleged to have been known by another name. Id.

Finally, United argues that Lowengart v. Cephus Capital Management, LLC, 677 F. Supp. 2d 1280, 1282 (N.D. Ala. 2009), and Aranda v. Foamex Intern., 884 F. Supp. 2d 1186, 1212 (D.N.M. 2012), involved mere misspellings. (United Br. 8). While Lowengart involved a misspelling, Aranda did not. In Aranda, the plaintiff named a party that no longer existed. Aranda, 884 F. Supp. 2d at 1212. Nonetheless, the Court found that, based on the caption of the complaint and the fact the correct defendant's agent had been served, it should have known that it was the real defendant. Id. Similarly, here, Oxford-NJ's registered agent was served, and the affidavit of service specifically referred to "Oxford Health Plans, NJ, Inc., f/k/a UnitedHealthcare of New Jersey, Inc." (Barbatsuly Decl., Ex. E).

In short, under the weight of authority in misnomer cases, United should have known that Oxford-NJ was the correct defendant whose consent to removal was required. United's failure to obtain that consent within 30 days of service upon Oxford-NJ rendered the removal untimely under 28 U.S.C. § 1446(b)(2)(A), (B), and "irrevocably defective." See Y.A.H., Inc., 2020 WL 4040877, * 2.

5

### B. There is No Federal Question Jurisdiction

Because United failed to comply with the procedural requirements for removal, the Court need not reach the question of subject matter jurisdiction. Y.A.H., Inc., 2020 WL 4040877, *1, 2 (declining to address subject matter jurisdiction because removal was procedurally defective). But even if the Court reaches the issue, subject matter jurisdiction is lacking because United cannot satisfy the two-part standard for complete ERISA preemption under Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393 (3d Cir. 2004).

#### 1. United and Multiplan have not established that Plaintiffs could have brought their claims under ERISA § 502(a)

The first prong of the Pascack test requires a showing that Plaintiffs could have brought their claims under ERISA. This inquiry, in turn, depends on whether (a) the plaintiff is the type of party that can bring a claim under § 502(a)(1)(B), and (b) the actual claim is a colorable claim for benefits under § 502(a)(1)(B). North Jersey Brain & Spine Center v. United Health Insurance Co., No. 18-15631 (SDW) (LDW), 2019 WL 6317390, *2 (D.N.J. Nov. 25, 2019). Neither requirement is met.

##### a. Plaintiffs could not have brought their claims under ERISA

United contends that "by allegedly stepping into the shoes of their patients via assignments of benefits," Plaintiffs have derivative standing to sue to recover benefits under ERISA plans. (United Br. 12). But Plaintiffs do not bring claims

6

premised on alleged assignments.[1]  Moreover, United and Multiplan have not attempted to address whether the health plans that United insures and administers for United Subscribers even permit such assignments.  Given the "rising prevalence of anti-assignment provisions" in ERISA plans, Plastic Surgery Center, PA v. Aetna Life Ins. Co., 967 F.3d 218, 228 (3d Cir. 2020), and the fact that such anti-assignment provisions are enforceable as a matter of federal common law, Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield, 890 F.3d 45, 451 (3d Cir. 2018), Defendants' failure to address whether United's plans permit assignments is reason alone to find that Plaintiffs' claims are not completely preempted.  Cf. North Jersey Brain & Spine Center, 2019 WL 6317390, *3.

Further, even if, as United and Multiplan allege, Plaintiffs "could have" brought their claims under ERISA and have "tactically" avoided pleading such claims (United Br. 11, 12; Multiplan Br. 15, 16), that is not enough to satisfy the

---

[1] Moreover, United has provided scant evidence that such assignments even exist (Pb20), although it has the burden of proof on this issue.  See Pascack, 388 F.3d at 402.  Multiplan responds with a string of cases in which courts have accepted claim form evidence similar to that provided by United as evidence that the health care provider plaintiffs had been assigned benefits under ERISA plans.  (ECF No. 27 ("Multiplan Br.") 13-15 & n.4) (citing cases).  Most of the cases Multiplan cites are from outside of this Circuit and appear to be in tension with Pascack, and other cases in this district (see Pb21) that have rejected similar efforts to establish such assignments through cryptic references on claim forms.  In the lone case from this district on this issue cited by Multiplan, the court found that the second Pascack requirement for removal had not been met.  Newark Beth Israel v. N. N.J. Teamsters Ben Plan, No. 05-5309 (JCL), 2006 WL 2830973, *5-6 (D.N.J. Sep. 29, 2006).

7

first prong of Pascack. "[T]he mere existence of an assignment" does not convert state law claims into derivative claims for benefits under ERISA where, as here, Plaintiffs' claims are not based on those assignments. See Emergency Care Services of Pa., P.C. v. UnitedHealth Group, Inc., No. 5:20-cv-05094, 2021 WL 2236122, *7 (E.D. Pa. Jan. 25, 2021) (citing North Jersey Brain & Spine Center, 2019 WL 6317390, *5); see also Progressive Spine & Ortho., LLC v. Anthem Blue Cross Blue Shield, No. 17-536 (KM), 2017 WL 4011203, *9 (D.N.J. Sept. 11, 2017); Pb22.

### b. Plaintiffs' claims are not colorable claims for benefits

Even if Plaintiffs were the type of party that could bring an ERISA claim, Plaintiffs have not brought colorable claims for benefits. Plaintiffs do not challenge coverage determinations under ERISA plans. Rather, they bring state law claims challenging United's pattern of underpaying Plaintiffs' claims. (ECF No. 23 ("Am. Compl.") ¶¶332-382). Such disputes over the "rate of payment of claims," rather than those premised on a "right to payment," are not colorable benefits claim under ERISA. Emergency Care Services of Pa., 2021 WL 236122, *5 (emphasis in original); North Jersey Brain & Spine Center, 2019 WL 6317390, *5.

United and Multiplan insist that the rate-to-payment/right-to-payment distinction applies only where Plaintiffs' claims rely on an express written contract and do not apply to claims by out-of-network providers. (United Br. 18; Multiplan Br. 18-19). The court in Emergency Care Services of Pa. recently rejected this very

8

argument by United and Multiplan. 2021 WL 236122, *6. United and Multiplan also cite Pascack, which embraced the rate-to-payment/right-to-payment distinction in a claim involving an express contract. However, Pascack did not hold that this distinction is inapplicable to out-of-network providers. See 388 F.3d at 403-04.

Curiously, in asking the Court to reject the rate-to-payment/right-to-payment distinction here, United emphasizes the district court's decision in Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare Inc., 448 F. Supp. 3d 1077, 1085-86 (D. Ariz. May 25, 2020), rev'd, 838 Fed.Appx. 299 (9th Cir. Mar. 3, 2021), casually relegating to a footnote (United Br. 18 n.3) the critical fact that the Ninth Circuit recently reversed this very decision. Importantly, the Ninth Circuit held -- contrary to United's argument here -- that claims by out-of-network emergency medical providers based on an implied-in-fact contract were independent from legal duties under ERISA and not completely preempted. Emergency Grp, 838 Fed.Appx. 299.

Meanwhile, Multiplan cites a string of out-of-circuit and mostly unpublished decisions that supposedly reject the rate-of-payment/right-to-payment distinction in out-of-network cases (Multiplan Br. 18-19 & 19 n.6)[2] -- ignoring the cases from this circuit that have applied this distinction in the out-of-network context. (Pb23-25).

---

[2] The lone published decision cited by Multiplan on this point (Multiplan Br. 19 n.6), did not hold that the rate-of-payment/right-to-payment distinction was limited to disputes involving contracted providers, but that the state law claims there were "based directly on the benefits described in its patients' ERISA plans." N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare, 781 F.3d 182, 201 (5th Cir. 2015).

9

Perhaps recognizing this problem, United and Multiplan mischaracterize Plaintiffs' claims as "hybrid" claims challenging both the rate of payment and right to payments which, they contend, are preempted. (United Br. 18-19; Multiplan Br. 17-18). Yet, as specifically pled, Plaintiffs' state law claims do not seek recovery for coverage denials that would implicate the right to payment under an ERISA plan. They are based the fact that United "underpaid" covered claims at a "fraction" of Plaintiffs' billed charges where the claims were processed through Multiplan's Data iSight system. (Am. Compl. ¶¶12, 13, 54, 156, 168, 295, 296, 298, 299). United and Multiplan quote out of context a portion of paragraph 328 of Plaintiffs' Amended Complaint as purportedly disputing amounts claimed "in whole or in part." (United Br. 18-10; Multiplan Br. 17-18). But there, Plaintiffs merely address United's failure to comply with the statutory notice requirement under HCAPPA, which requires the payer to issue a statement explaining the basis for the dispute whenever "the payer disputes the amount claimed in whole or in part." See N.J.S.A. 17B:26-9.1(d)(2), N.J.S.A.17B:27-44.2(d)(2), N.J.S.A. 26:2J-8.1(d)(2). United's failure to comply with this notice requirement was not in the context of coverage denials; rather, it was in the context of its failure to timely pay "the full amounts due to Plaintiffs" for covered claims. (Am. Compl. ¶330). Thus, Plaintiffs' claims do not implicate the right to payment under ERISA plans, and they are not colorable claims for benefits under ERISA.

### 2.     Other independent legal duties support Plaintiffs' claims

United and Multiplan also do not meet second prong of the Pascack test -- requiring that no other independent legal duties support Plaintiffs' claims. Multiplan argues that the "main thrust" of Plaintiffs' claims is to recover additional benefits under ERISA-governed plans, but it does not substantively address Plaintiffs' actual claims. (See Multiplan Br. 21-24). United insists that Plaintiffs' quantum meruit claim "relies upon the relationship between members … of health plans administered by the United Defendants and out-of-network health benefits allowed under the terms of their health plans." (United Br. 16). To the contrary, this claim is based on United's quasi contractual duty to reimburse Plaintiffs for the reasonable value of their services based on a course of dealing. (Am. Compl. ¶¶7, 87, 310-322). Such claims are not completely preempted. See, e.g., North Jersey Brain & Spine Center, 2019 WL 6317390, *5; Emergency Care Services of Pa., 2021 WL 2236122, *1, 8.

United also argues that Plaintiffs' HCAPPA claim is completely preempted because it is purportedly predicated on United's failure to pay the full amounts due to Plaintiffs. (United Br. 17). United relies on N. Jersey Brain & Spine Ctr. v. CIGNA Healthcare of NJ, Inc., but there, the plaintiff's statutory right to recovery depended on its patients' assignment of benefits under an ERISA plan, and "no separate contract govern[ed] Plaintiff's right to payment." No. 09-2630 (JAG), 2010 WL 11594901, *4 (D.N.J. Jan. 12, 2010). Here, as noted above, Plaintiffs' right to

11

payment derives from their quasi contractual entitlement in quantum meruit to be reimbursed for the reasonable value of their services. (Am. Compl. ¶¶7, 87, 310-322). Cf. North Jersey Brain & Spine Center v. MultiPlan, Inc., No. 17-05967 (MAS) (LHG), 2018 WL 6592956, *3, 8 (D.N.J. Dec. 14, 2018) (remanding complaint including HCAPPA claims where, inter alia, the claims arose from contract independent of ERISA plans).

Lastly, United argues that Plaintiffs' NJ RICO claims are nothing more than claims for "benefits due" under ERISA. (United Br. 17). To the contrary, they are based on statutory duties under NJ RICO, wholly independent of duties under an ERISA plan. (Am. Compl. ¶¶339-382). These include the duty to refrain from NJ RICO predicate theft-based offenses in obtaining Plaintiffs' services without paying for their reasonable value. (Am. Compl. ¶¶7, 87, 346-351, 379-380). They also include Defendants' statutory obligations to refrain from making repeated false and misleading statements in furtherance of a scheme to defraud. (Am. Compl. ¶¶247-271, 352, 379); cf. SMA Medical Inc. v. UnitedHealth Group, Inc., No. 19-6038, 2020 WL 1912215, *8 (plaintiffs' damages claims not predicated on ERISA plans, but rather, "arise out of the alleged misrepresentations and/or misinformation that was contained in United's patient/member database"). Thus, legal duties independent of ERISA plans support Plaintiffs' claims, foreclosing the second Pascack requirement.

### 3.     Jurisdictional discovery is unwarranted

The Court should reject Multiplan's alternative request for jurisdictional discovery.  (Multiplan Br. 27). The Court need not address subject matter jurisdiction because United failed to meet the procedural requirements for removal. Point I.A, supra; see Y.A.H., Inc., 2020 WL 4040877, *2.  Multiplan further argues that it seeks to identify the "ERISA plans put at issue by the Complaint," but the Amended Complaint puts no ERISA plans at issue.  (Point I.B.1.2, supra).

Multiplan cites Lone Star OB/GYN Assocs. v. Aetna Health Inc., 579 F.3d 525 (5th Cir. 2009), but there, the record contained factual questions as to whether specific claim underpayments implicated coverage determinations which might be preempted.  Id. at 533.  Here, by contrast, all of Plaintiffs' claims are premised on rates of payments, not on coverage determinations. (Point 1.B.1.b, supra).  Multiplan also cites Elite Orthopedic Sports Med. PA v. N.J. Teamsters Ben. Plan, Civil Action No. 14-6932, ECF No. 12 (D.N.J. April 2, 2015), which allowed limited jurisdictional discovery solely on the issue of whether the plaintiff had received assignments of benefits.  But here, again, Plaintiffs' claims are not predicated on such assignments and are not colorable claims for benefits, but rather, implicate legal obligations independent of ERISA plans. (Point I.B.1, 2, supra). Cf. Emergency Care Services of Pa., 2021 WL 2236122, *8 n.6 (denying jurisdictional discovery in similar case).  Thus, jurisdictional discovery is unwarranted.

13

# POINT TWO

## THE COURT SHOULD GRANT PLAINTIFFS THEIR REASONABLE ATTORNEYS' FEES INCURRED IN SEEKING REMAND

Lastly, the Court should grant Plaintiffs their reasonable attorneys' fees in seeking remand under 28 U.S.C. § 1447(c). United offers a one-sentence defense of its decision to disregard Oxford-NJ as a defendant and invoke diversity jurisdiction, claiming that no circuit court decisions put it on notice that Oxford-NJ was properly joined and served. (United Br. 20). But when United removed this action to this Court, it clearly knew, or should have known, that UHC-NJ had merged into Oxford-NJ; that Oxford-NJ was an active subsidiary of defendant UHG; and that Oxford-NJ had been served with process. (Barbatsuly Decl., Exs. C-F; ECF No. 2, p. 86). Yet, United consciously disregarded these and other facts in claiming that UHC-NJ was "defunct" and, therefore, had been "fraudulently joined" in this action. (ECF No. 1 ¶¶12, 14). United cannot explain away these actions as anything other than an artful evasion if not an outright misrepresentation.

Equally unavailing are United's efforts to defend removal under complete preemption. In recent years, courts within the Third Circuit have rejected United's repeated efforts to invoke complete preemption in claims similar to those here that are not based on assignments of a patients' rights to benefits under an ERISA plan. (Pb29). While United insists that these other cases are not binding on this Court (United Br. 21-22), they clearly show United's pattern of reflexively removing

14

health care provider disputes purportedly based on complete ERISA preemption, regardless of the validity of removal. This approach wastes judicial resources and delays resolution on the merits while the courts address jurisdictional issues. United has been fairly warned that "the growing trend in this District is remand of these types of healthcare provider reimbursement actions." <u>North Jersey Brain & Spine Center</u>, 2019 WL 6317390, *6. Thus, United's misguided efforts to shoehorn Plaintiff's state law claims into complete ERISA preemption are reason alone to award fees. Combined with United's deceptive conduct in claiming that the non-diverse defendant was "defunct" rather than merged into an active UHG subsidiary with another name, fees under 28 U.S.C. § 1447(c) are even more appropriate.

## CONCLUSION

For the foregoing reasons, and those stated in Plaintiffs' opening brief, the Court should remand this case to the Superior Court of New Jersey, Gloucester County, and award Plaintiffs their reasonable attorneys' fees and costs.

    Respectfully submitted,

    **K&L GATES LLP**

    One Newark Center, Tenth Floor
    Newark, New Jersey 07102
    Tel: (973) 848-4000
    Fax: (973) 848-4001
    *Attorneys for Plaintiffs*

    By: /s/ Anthony P. La Rocco
        Anthony P. La Rocco

Dated: March 29, 2021