# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

|  |  |
|---|---|
| ATLANTIC ER PHYSICIANS TEAM PEDIATRIC ASSOCS., PA, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>UNITEDHEALTH GROUP, INC., *et al.*,<br><br>　　　　Defendants. | Civil No. 20-20083 (RMB/AMD)<br><br>**OPINION** |

**APPEARANCES**

Anthony P. LaRocco
George Peter Barbatsuly
K&L Gates LLP
One Newark Center, Tenth Floor
Newark, New Jersey 07102

　　*On behalf of Plaintiffs*

Francis X. Manning
Stradley, Ronon, Stevens & Young, LLP
LibertyView
457 Haddonfield Road, Suite 100
Cherry Hill, New Jersey 08002
　　*On behalf of Defendants UnitedHealth Group, Inc., UnitedHealthcare Insurance Company, and Oxford Health Plans (NJ), Inc.*

Rachel R. Hager
Emily Lagg Gonzalez
Finazzo Cossolini O'Leary Meola & Hager, LLC
67 East Park Place, Suite 901
Morristown, New Jersey 07960

　　*On behalf of Defendant Multiplan, Inc.*

**RENÉE MARIE BUMB, United States District Judge**

This matter comes before the Court upon the Motion to Remand filed by Plaintiffs Atlantic ER Physicians Team Pediatric Associates, PA; Emergency Care Services of NJ, PA; Emergency Physician Associates of North Jersey, PC; Emergency Physician Associates of South Jersey, PC; Emergency Physician Services of New Jersey, PA; Middlesex Emergency Physicians, PA; and Plainfield Emergency Physicians, PA (collectively, "Plaintiffs"). [Docket No. 24.] Pursuant to the Motion to Remand, Plaintiffs sought attorneys' fees under 28 U.S.C. 1447(c) and, in their brief, argued that Defendants improperly removed this case on the grounds of diversity and federal question jurisdiction. [Docket No. 29, at 1–2; 14–15.]

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The facts of this dispute are addressed in detail in the Court's Opinion dated September 30, 2021, which the Court incorporates here. [*See* Docket No. 37, at 2–4.]

On November 2, 2020, Plaintiffs, who are New Jersey-based healthcare providers, filed their Complaint in the Civil Division of the Superior Court of New Jersey, Gloucester County, Law Division, against Defendants UnitedHealth Group, Inc.; UnitedHealthcare Insurance Co.; UnitedHealthcare of New Jersey, Inc. ("UHC-NJ" and, collectively with the later-joined Oxford Health Plans NJ, Inc., the "United Defendants"); and Multiplan, Inc. ("Multiplan"). [Docket No. 2, at 1.] The Complaint alleged various state law claims against Defendants.

Affidavits of Service showed that Multiplan was served on November 24, 2020. [*Id*. at 82 (PDF pagination).] UnitedHealthcare Insurance Co. was served on November 19, 2020. [*Id.* at 83 (PDF pagination).] UnitedHealth Group, Inc. was served on November 23, 2020. [*Id.* at 84 (PDF pagination).] And "Oxford Health Plans NJ, Inc. f/k/a UnitedHealthcare of New Jersey, Inc." was served on November 23, 2020. [*Id.* at 85 (PDF pagination).]

On December 21, 2020, the United Defendants, excluding Oxford-NJ, filed a Notice of Removal. [Docket No. 1.] Defendant Multiplan consented to removal. [*Id.*, ¶ 5.] The Notice of Removal based this Court's jurisdiction on diversity of citizenship and federal question. [*Id.*, ¶¶ 7–40.] The Notice of Removal, however, did not include consent for removal of the only allegedly non-diverse defendant named in the Complaint, UHC-NJ. [*See id.*] Defendants contended in the Notice of Removal that UHC-NJ was a defunct corporation, which Plaintiffs had fraudulently joined as a defendant. [*Id.*, ¶¶ 6, 11.] Finally, the Notice of Removal did not mention Oxford Health Plans NJ ("Oxford-NJ"). [*See id.*] Nevertheless, the final page of amended Exhibit A of the Notice of Removal included the Affidavit of Service for Oxford NJ f/k/a UHC-NJ. [Docket No. 2, at 85 (PDF pagination).]

On January 19, 2021, pursuant to this Court's Individual Rules and Procedures, Plaintiffs filed a letter seeking to file a motion to remand. [Docket No. 17.] In response, the United Defendants advised that they would not oppose Plaintiffs' amendment of their Complaint to name Oxford-NJ as a defendant.

3

[Docket No. 21, at 2.] On February 2, 2021, Plaintiffs filed the Amended Complaint. [Docket No. 23.] As a result of the amendment, both sides agree that the naming of Oxford-NJ as a defendant eliminated diversity jurisdiction as a basis for this Court's jurisdiction. Defendants maintained, however, that this Court had federal question jurisdiction based on complete ERISA preemption.

On September 30, 2021, the Court issued an Opinion granting Plaintiffs' Motion to Remand. [Docket No. 37.] On the same day, the Court issued an Order granting the Motion to Remand, which also stated that the Court would enter an Order of Remand upon resolution of the attorneys' fees issue. [Docket No. 38.] Per the Court's instructions, Plaintiffs notified the Court, on October 12, 2021, that they wished to pursue attorneys' fees for improper removal on the grounds of both diversity and federal question jurisdiction. [Docket No. 39.][1] On October 22 and October 28, 2022, Multiplan and United Defendants filed their sur-replies in opposition to Plaintiffs' Motion for Attorneys' Fees. [Docket Nos. 43, 44.]

On January 18, 2022, the Court held oral argument remotely on Plaintiffs' Motion for Attorneys' Fees for improper removal. Plaintiffs argued for improper removal on both grounds of diversity and federal question jurisdiction. At the conclusion of the hearing, the Court denied the award of attorneys' fees based on federal question jurisdiction. [*See* Docket No. 56, at 27:5–17.] The Court concluded

---

[1] The parties were aware that the resolution of Plaintiffs' Motion would necessarily delay the state court action.

that Defendants' removal for federal question rested on objectively reasonable grounds. [*See id.*] But the Court reserved judgment for the awarding of attorneys' fees based on diversity jurisdiction. [*Id.*] This Opinion addresses that issue.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1447, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citation omitted). In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. *Id.* To determine whether to award fees, district courts should employ a balancing test that "recognize[s] the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

## III.   ANALYSIS

Plaintiffs argue that Defendants lacked a reasonably objective basis for removal for federal question and diversity jurisdictions. As stated above, the Court delivered its decision, at the conclusion of oral arguments, to deny attorneys' fees

based on federal question jurisdiction. For that reason, the Court mostly limits its analysis here to Plaintiffs' pursuit of attorneys' fees based on diversity jurisdiction.

### A. Diversity Jurisdiction

#### 1. Plaintiffs' Arguments

Plaintiffs argue that removal based on diversity was improper because Oxford-NJ did not consent to removal. Plaintiffs argue that even though Oxford-NJ was misnamed in the original Complaint as UHC-NJ, Oxford-NJ was properly joined and served.

Plaintiffs also argue that Defendants withheld key facts in their Notice of Removal. [Docket No. 29, at 2–3.] Specifically, Plaintiffs point to United Defendants' assertions that UHC-NJ "merged with another entity in 2006, and thereafter ceased operations." [*Id.*] In so doing, Plaintiffs argue that United Defendants withheld the facts that they had continued to contract and correspond with Plaintiffs under the name UHC-NJ. [*Id.*] Plaintiffs further argue that United Defendants were, at best, evasive—if not outright misleading—when they argued in their Notice of Removal that Plaintiffs had "fraudulently joined" UHC-NJ to defeat diversity. [*Id.* at 14.]

Plaintiffs argue that the naming of UHC-NJ as a defendant instead of Oxford-NJ was nothing more than a misnomer. [*See* Docket No. 24-1, at 12–17.] They argue that Oxford-NJ and United Defendants were on notice that Oxford-NJ was an intended defendant because Oxford-NJ had been doing business as UHC-NJ

6

and because Plaintiffs served the summons and Complaint upon Oxford-NJ on November 23, 2020, at the address of Oxford-NJ's registered agent. [*See id.*] In its Notice of Removal, United Defendants even included the proof of service for Oxford-NJ. [*See* Docket No. 1, at 85 (PDF pagination).] Therefore, Plaintiffs argue, as a properly joined and served defendant, Oxford-NJ had to consent for removal to have been proper. [*See* Docket No. 24-1, at 12–17.]

To support their arguments, Plaintiffs cite misnomer cases from this Court and others. In some of these cases, the names between the named defendant and the intended defendant are quite similar. *See, e.g.*, *Brown v. N.J. Mfrs. Ins. Grp.*, 322 F. Supp. 2d 947, 948 (M.D. Tenn. 2004) (named defendant was New Jersey Manufacturers Insurance Group while actual defendant was New Jersey Reinsurance Company); *Ware v. Wyndham Worldwide Inc.*, No. 09-6420, 2010 WL 2545168, at *4 (D.N.J. June 18, 2010) (named defendant Wyndham Worldwide Incorporated was similar to Wyndham Vacation Resources, Inc.); *Lowengart v. Cephus Capital Management, LLC*, 677 F. Supp. 2d 1280, 1282 (N.D. Ala. 2009) (named defendant Sanford P. Lowengardt, III was similar to Sanford P. Lowengart, III); *Lulianelli v. Lionel LLC*, 183 F. Supp. 2d 962, 966 (E.D. Mich. 2002) (Lionel Trains was similar to Lionel, L.L.C.). Plaintiffs also cite *In re Pharmaceutical Industry Average Wholesale Price Litigation*, 307 F. Supp. 2d 190, 196 (D. Mass. 2004), in which the court concluded that a defendant must consent to removal even though it was misnamed in its formal service of process. And Plaintiffs cite *Y.A.H., Inc. Profit*

7

*Sharing Plan v. Wirenet, Inc.*, No. 19-22096, 2020 U.S. Dist. LEXIS 126068 (D.N.J. July 16, 2020), in which this Court concluded that removal had been improper because a misnamed institutional defendant had not consented to removal.

### 2.     Defendants' Arguments

United Defendants argue that removal for diversity was objectively reasonable because UHC-NJ was the only non-diverse defendant named but had not existed for 15 years. [Docket No. 44, at 8.] United Defendants argue that only named defendants matter with respect to determining diversity, and even named defendants are inconsequential for diversity purposes if those defendants are non-existent entities. [*Id.* at 8–9.] Defendants further contend that the misnomer cases have no applicability here, as "none of [those] cases . . . detract from the objective reasonableness of the United Defendants' decision not to seek the consent of an unnamed party." [*Id.* at 9–10.]

Multiplan argues that it had an objectively reasonable basis for consenting to removal. [Docket No. 43, at 4–6.] It further points out that while Plaintiffs' briefs only specifically argue that United Defendants improperly removed this case, which Multiplan disputes, Plaintiffs sometimes use the broader term "Defendants" when discussing improper removal and attorneys' fees. [*See id.*].

### 3.     Court's Analysis

In the Court's final analysis, there is enough fault to go around amongst the parties, with the exception of Multiplan. Although Defendants do not dispute that

United Defendants had continued to contract under the name UHC-NJ, the United Defendants' inclusion of Oxford-NJ's proof of service suggests their actions were due to mistake, perhaps oversight, and not malice. Indeed, at oral argument, counsel for United Defendants was convincing that the removal was likely a product of inattention:

> This was a team effort between the O'Melveny firm and my firm. I'm not walking away from that. I signed the pleading. I read the pleading. I just racked my brain as to why the name Oxford New Jersey was not in the notice of removal. I don't have an answer for Your Honor. I wish I did. But it wasn't to deceive anyone[.]

[Docket No. 56, at 17:3–10.] The mistake of the United Defendants, however, was not the only one in this case. Plaintiffs could have avoided removal on diversity by promptly amending the Complaint to join Oxford-NJ.

The legal authorities Plaintiffs cite can be distinguished from the present case and are not binding on this Court. Many of the misnomer cases are instances of misspellings or a named defendant having a very similar name to the actual defendant. *See, e.g.*, *Brown*, 322 F. Supp. 2d at 948; *Lowengart*, 677 F. Supp. 2d at 1282. Additionally, most cases reflect that the plaintiffs promptly amended their complaints to name the proper defendants, which Plaintiffs here did only after removal. This Court's case, *Y.A.H.*, is also distinguishable. *Y.A.H.* stands for the proposition that a business defendant must consent to removal, even if it is misnamed in the complaint. But *Y.A.H.* does not address attorneys' fees or the reasonably objective basis standard, nor do any of the cases Plaintiffs cite.

In the end, this Court does not find justification for an award of attorneys' fees pursuant to 28 U.S.C. § 1447(c).[2]

### 4. ERISA Preemption

Lastly, the Court takes the opportunity to address the issue regarding removal on the basis of federal question via ERISA preemption. While the Court concluded at oral argument that Defendants did not lack an objectively reasonable basis for removal on ERISA preemption, Defendants, specifically United Defendants, are cautioned not to repeat this approach. In the time since their removal, as Plaintiffs note in their briefs, United Defendants have been parties to several cases in which federal district courts have rejected their arguments for ERISA preemption in similar legal actions. Unless and until there is clearly established precedent, if United Defendants argue for federal subject matter jurisdiction in the future based on ERISA preemption, they must disclose to the court the caselaw that cuts against their legal arguments (and themselves in particular). United Defendants should lay out that federal district courts in New Jersey, Pennsylvania, Nevada, Arizona, Florida, and perhaps elsewhere have denied their arguments for ERISA preemption. If United Defendants fail to do so, they will certainly be subject to attorneys' fees based on

---

[2] The Court also notes that, because it already determined that removal on federal question was proper—but see *infra*—the only fees to which Plaintiffs could be entitled are those related to removal on diversity grounds. Based on the evidence submitted thus far, any such fees, if awarded, appear to be limited and somewhat difficult to extricate from the fees incurred in connection with the federal question removal.

§ 1447(c), as well as Fed. R. Civ. P. 11(c) sanctions. Defendants are hereby forewarned.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Attorneys' Fees will be denied. An accompanying Order shall issue.

<u>March 30, 2022</u>                                 <u>s/Renée Marie Bumb</u>
Date                                                    Renée Marie Bumb
                                                           United States District Judge